UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

v.

THE WORK CONNECTION,

                Defendant.

Civil Action No.

**COMPLAINT**

**Jury Trial Demanded**
**Class Action (Non-Rule 23)**

---

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices in the nature of employment discrimination on the basis of national origin. Defendant The Work Connection, (the "Employment Agency") discriminated against Alicia Moreno, and others similarly situated, in placement for positions at Faribault Foods, Inc., in Faribault, MN..

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

SCANNED
SEP 14 2007
U.S. DISTRICT COURT MPLS

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. 2000e-5(f)(1).

4. At all relevant times, Defendant, The Work Connection (the "Employment Agency"), has procured temporary employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c). The Work Connection maintains an office in Faribault, MN, and the actions challenged in this suit occurred there.

## STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, Alicia Moreno ("Charging Party") filed charges with the Commission alleging violations of Title VII by Defendant Employment Agency. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. From 2004, Defendant Employment Agency has engaged in and is continuing to engage in unlawful employment practices at its Faribault, Minnesota facility, in violation of Section 703 (a)(2) an of Title VII, 42 U.S.C. § 2000e-2(a)(2).

7. During this time period, Defendant Employment Agency engaged in discrimination based upon national origin by failing or refusing to place Alicia Moreno in a position at Faribault Foods, Inc., because she was not sufficiently proficient in English.

8. During the time period, Defendant Employment Agency administered and used tests for placement at Faribault Foods, Inc., that screened persons out based upon their lack of English proficiency, which had a disparate impact based upon their national origin/Hispanic and which were not job-related or justified by business necessity.

9. During the time period, Defendant Employment Agency communicated the results of its testing, referenced in Paragraph 8 above, to Faribault Foods, Inc., even though it knew or should have known that the tests were not job-related or consistent with business necessity for the jobs that were being filled by the Employment Agency.

10. The Defendant Employment Agency's above-mentioned practices had a disparate impact upon Hispanic applicants based upon their national origin.

11. The effect of the practices complained of above has been to deprive Alicia Moreno, and others similarly situated, of equal employment opportunities and otherwise adversely affect their status as applicants because of national origin.

12. The above-complained of unlawful acts were and are done with intent.

## JURY TRIAL REQUEST

The Commission requests a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employment Agency, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin, including administering, using or disseminating tests that have a disparate impact based upon national origin, and which are not justified by business necessity and which are not job-related.

B. Order Defendant Employment Agency to institute and carry out policies, practices and programs which provide equal employment opportunities for its Hispanic employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employment Agency to make whole Alicia Moreno, and others similarly situated, by providing compensation for past and future nonpecuniary losses resulting from its unlawful employment practices, including without limitation compensation for her emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Grant such further relief as the Court deems necessary and proper.

E. Award the Commission its costs in this action.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L Street, N.W.
Washington, D.C. 20507

Dated: 9/14/07

*John C Hendrickson* /LV
JOHN C. HENDRICKSON
Regional Attorney

Dated: 9/14/07

*Jean P Kamp* /LV
JEAN P. KAMP
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-8550

5

Dated: 9/14/07

LAURIE A. VASICHEK (#0171438)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401
(612) 335-4061