UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil No.  07-cv-3977 |
| v. | ) ) | |
| THE WORK CONNECTION, | ) ) | |
| Defendant. | ) ) | |
| ------------------------------------------------------- | ) | **RELATED** |
| ALICIA MORENO, individually, and a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No.  07-cv-3985 |
| v. | ) ) | |
| THE WORK CONNECTION, | ) ) | |
| Defendant. | ) ) | |
| ------------------------------------------------------- | ) | |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission" or "EEOC") has filed a complaint captioned *EEOC v. The Work Connection,* alleging that Defendant The Work Connection discriminated against Alicia Moreno ("Charging Party") because of her national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964.  It also alleges that The Work Connection discriminated against a class of Hispanic employees and applicants in Faribault, Minnesota in hiring by enforcing English proficiency demands that were not job-related

1

or consistent with business necessity.  It seeks relief for the Charging Party and others similarly situated.

Charging Party Alicia Moreno and Jose Barragan, Joe Camarillo, Enrique Chavez, Diana Escamilla, Jesse Hernandez, Liliana Limon, Veronica Venegas Ortiz, Abila Corleto, Leticia Duran, Silvia Echeverria, Lorenzo Garcia, Oscar Mares, Maria Sandoval, Diana Velasquez, Mayra Rocha, and Daniel Quinonez, (hereinafter collectively "Class Representatives") individually and on behalf of similarly situated persons, filed a class action complaint, captioned *Moreno et al. v. The Work Connection*, alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Minnesota Human Rights Act.  The complaint was filed on behalf of the Class Representatives and on behalf of a putative class.  The complaint alleged national origin and race discrimination against current and former Hispanic employees of The Work Connection placed at a Faribault Foods, Inc., Faribault, Minnesota facility and Hispanic applicants of The Work Connection applying to work at a Faribault Foods, Inc. Faribault, Minnesota facility with respect to hiring, promotion, compensation, and terms and conditions of employment.

The EEOC, Class Representatives, and The Work Connection engaged in a significant exchange of information, both during the investigation of the charges by the EEOC and during the process of negotiating this resolution.  The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses.

All parties to this settlement, including the Charging Party and Class Representatives and putative class members, were represented by counsel

2

knowledgeable in the subject matter area. All parties have participated in the drafting of this Consent Decree.

The EEOC, Class Representatives, and The Work Connection mutually agreed to submit to mediation in an effort to resolve this matter. During the mediation, the parties consented to an additional exchange of information, including an exchange of expert discovery. Under the supervision of the Mediator, these negotiations have been conducted at arms-length and without collusion. All parties were represented by counsel during these proceedings. The mediation discussions culminated in this Decree.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is

ORDERED, ADJUDGED, and DECREED that the following terms are given approval, subject to a notice to the claimants and a hearing upon the fairness of this proposed Consent Decree as set forth herein:

I.    JURISDICTION, FINDINGS, AND DEFINITIONS

A.    JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

B.    FINDINGS

1.    The purposes of Title VII, 42 U.S.C. § 1981, the Minnesota Human Rights Act, and the public interest will be furthered by the entry of this Decree.

2.    The terms of this Decree constitute a fair and equitable settlement of this action.

3

3.     This Consent Decree does not constitute an admission by The Work Connection that it violated any law or engaged in any improper or unlawful conduct.  Neither does it constitute a concession by the EEOC and the Charging Party and Class Representatives on the merits of their claims.   The terms of this Consent Decree were reached by a process of negotiation and compromise.

C.     **DEFINITIONS**

1.     "Charging Party" is Alicia Moreno.

2.     "Class Representatives" are Alicia Moreno, Jose Barragan, Joe Camarillo, Enrique Chavez, Diana Escamilla, Jesse Hernandez, Liliana Limon, Veronica Venegas Ortiz, Abila Corleto, Leticia Duran, Silvia Echeverria, Lorenzo Garcia, Oscar Mares, Maria Sandoval, Diana Velasquez, Mayra Rocha, and Daniel Quinonez.

3.     "Class Members" will include all persons entitled to make claims for relief under this Consent Decree.

4.     For purposes of the equitable and monetary relief provided in this Decree, and pursuant to Fed. R. Civ. P. 23(b)(3), the "Settlement Class" is and consists of all current and former Hispanic employees of The Work Connection, who sought and received placement at Faribault Foods, Inc., in its Faribault, Minnesota, facility at any time on or after September 14, 2001 through the October 9, 2007 and all Hispanic applicants of The Work Connection who applied to work through The Work Connection at a Faribault Foods, Inc.'s Faribault, Minnesota facility at any time on or after September 14, 2001 through October 9, 2007, except those Hispanic employees or applicants who timely request to opt out of the monetary relief provisions of this decree.

4

6.   "Class Counsel" is James H. Kaster, Nichols, Kaster & Anderson, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2242.

## II.   SCOPE OF RESOLUTION AND RELEASE OF CLAIMS

### A.   SCOPE OF THE RESOLUTION OF THE EEOC'S CLAIMS

1.   This Decree constitutes the full, final and complete resolution of the EEOC's claims in its Complaint that The Work Connection violated Title VII by discriminating against the Charging Party and similarly situated Hispanic employees and applicants in placement at Faribault Foods, Inc., by enforcing English proficiency standards that were not job-related or consistent with business necessity.

2.   By entering into this Decree the parties intend to resolve the claims asserted against The Work Connection in the charge of Alicia Moreno, and those claims asserted in the EEOC's complaint that The Work Connection discriminated against this Charging Party and a class of similarly situated Hispanic employees and applicants in placement at Faribault Foods, Inc., by enforcing English proficiency standards that were not job-related or consistent with business necessity in violation of Title VII.

### B.   RELEASE OF CLAIMS BY THE SETTLEMENT CLASS

Upon Final Approval of the Decree, The Work Connection will be released and discharged by the Settlement Class from all claims of race and/or national origin discrimination arising under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Minnesota Human Rights Act prior to the date of this Consent Decree.   Notwithstanding the foregoing, for purposes of the remaining provisions of this decree, Settlement Class Members who have filed timely requests to

opt-out of the monetary relief provisions of the Decree will not be held to release any claims for individual relief.

### C. RELEASES OF CLAIMS BY CHARGING PARTY AND CLASS REPRESENTATIVES

Upon Final Approval of the Decree, the Class Representatives will execute releases separately negotiated by counsel for the Class Representatives and The Work Connection. Execution of these releases will be a condition precedent of the Class Representatives receiving relief under this Decree.

### III. TERM

A. The Term of this decree will be two (2) years from the Effective Date hereof. The Effective Date hereof will be the date upon which the District Court enters a final order approving this Consent Decree.

B. If this consent decree is not approved by the Court or the settlement set forth in this Consent Decree is terminated or fails to become effective in accordance with its terms, (or, if following approval by this Court, such approval is revised or modified), the parties shall be restored to their respective positions in this action as of the date hereof, the terms and provisions of this Consent Decree shall have no further force and effect with respect to the parties and shall not be used in this action or in any proceeding for any purpose; and any Judgment entered by the Court in accordance with the terms of this Consent decree shall be treated as vacated.

**IV.   ADHERENCE TO TITLE VII**

The Work Connection will not discriminate on the basis of national origin in violation of Title VII or on the basis of race in violation of 42 U.S.C. § 1981 in hiring, assignment, promotion, testing, discipline and discharge or termination, and will not retaliate against persons who oppose matters made unlawful under Title VII or 42 U.S.C. § 1981.

**V.   ADHERENCE TO THE UNIFORM GUIDELINES ON EMPLOYEE SELECTION PROCEDURES**

The Work Connection will adhere to the Uniform Guidelines on Employee Selection Procedures ("UGESP"), 29 C.F.R. §1607.1, et seq.  To the extent that The Work Connection requires English proficiency for placement into positions at its clients' worksites, it will evaluate this requirement under UGESP.  If the selection device indicates an adverse impact and TWC does not have access to data necessary to perform a validation study on the selection device because the necessary information is outside of TWC's control, TWC will provide the information regarding the selection device and the adverse selection rate to TWC's employer-client to permit the employer-client to evaluate the selection device.

**VI.   TESTING AND DISCLOSURE OF TEST RESULTS**

A.   Whenever The Work Connection requires applicants to take a Safety Test, it will allow applicants to have assistance from an interpreter of their choice in taking the Safety Test.  The Work Connection will post a sign in Spanish setting forth the applicants' right to have someone assist them in the interpretation of the Safety Test.

B.   The Work Connection will eliminate its current limitation on the number of times that an applicant can take the Safety Test and allow applicants to retake the test until they obtain a passing grade.

C.   The Work Connection will not use the results of a test that it administers directly or on a client's behalf to deny job placement to an individual, where the use of such results is not job-related and consistent with business necessity.

D.   The Work Connection will keep an individual applicant's test results confidential from its clients unless the particular position the client seeks to fill requires a particular skill that was measured by the test or tests given to the applicant.   Before disclosing the test results to the client, The Work Connection will inquire as to whether the skill tested is job-related and consistent with business necessity.   The Work Connection will not disclose the results if it knows or has reason to believe that client will use the test results to apply a qualification standard that is not job-related and consistent with business necessity to screen out a staffing firm worker on the basis of national origin and/or race.

## VII.   POSTING AND POLICIES

A.   The Work Connection will continue to post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all facilities owned and operated by The Work Connection.

## VIII.   MONETARY REMEDY

A.   The Work Connection agrees to pay a total of $160,000 in resolution of this matter.  Of this amount, $60,000 will be allocated to pay the fees and costs of Class Counsel.

8

B.    The amounts will be distributed to Class Representatives and all members of the Settlement Class who did not timely opt-out pursuant to Fed. R. Civ. P. 23(b)(3). However, the maximum award for applicant class members (i.e., those who, through The Work Connection, applied to, but did not work at, a Faribault Foods, Inc., Faribault Minnesota facility during the relevant time period) will be $100.00. For all other members of the Settlement Class (i.e., those who worked at a Faribault Foods, Inc., Faribault Minnesota facility through The Work Connection) there is no $100.00 maximum award.

C.    Prior to the hearing of the Final Approval of this Decree, the EEOC and undersigned Class Counsel will jointly submit proposed distributions to these persons to a third-party neutral decision-maker, who will have the authority to revise the distributions. Costs associated with the third-party neutral decision-maker shall be borne by the Class Representatives.

D.    Neither the EEOC nor the Defendant make any representation or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Class Representatives or members of the Settlement Class may or may not incur on such payments under local, state and/or federal law.

E.    Neither the EEOC nor Class Representatives nor the members of he Settlement Class make any representation or assume any responsibility for any employer's share of the required withholdings, if applicable, which may incur on such payments under local, state and/or federal law.

## IX.    CLAIM PROCEDURE

A.    Within 30 calendar days after the Court's preliminary approval of this Decree, The Work Connection will transmit to Class Counsel a computer disk containing information in Excel format including the full name, social security number, last known phone number and last known address for each Class Member appearing in The Work Connection's payroll and applicant databases.

B.    Within 10 calendar days of the receipt of the employee data, Class Counsel will mail to all known Class Members at their last known address via first class postage, (1) a Notice of Settlement; and (2) Claim Form (collectively "original Notice of Settlement and Claim Form").  The Notice of Settlement and Claim Form shall be in English and in Spanish.  The cost of translation of the Notice of Settlement and Claim Form shall be borne by Class Counsel.  For all returned mail, Class Counsel will conduct a search for the most recent address.  If the search yields a new address, Class Counsel will also mail the Notice of Settlement and Claim Form to the most recent address.  Class Counsel will not be required to continue to mail the Notice of Settlement and Claim Form for returned mail after 80 days of the postmarked date of the original Notice of Settlement and Claim Form.  In addition, Class Counsel will send a release form to the Charging Party and Class Representatives in a form consistent with Section II.C above.

1.    The Notice to be sent will be in the form of Exhibit A, and approved (or modified) by the Court.  It is intended to include

(a)    a description of the claims,

10

(b)     the terms of the settlement, including factors that will be considered in distributing the funds;

(c)     a statement that the Court will hold a hearing at which time the Court will consider the fairness, adequacy, and reasonableness of the proposed settlement;

(d)     a statement that, before the Fairness Hearing, Class Members will be notified of their final distribution, which will be filed with the Court;

(e)     instructions regarding opting out; and

(f)     a claim form and instructions.

2.     The Claim Form will be in the form of Exhibit B.

C.     Claim Forms will be returnable to undersigned Class Counsel.   Claim Forms must be actually received by the Class Counsel within ninety (90) days of the postmarked date of the original Notice of Settlement and Claim Form.   Class Counsel will include the specific date in the Notice of the proposed decree by which the executed Claim Form must be received by the Class Counsel.   Any claim form received after that date will not be considered timely.   Failure to submit a timely Claim Form will disqualify the Class Member from the receipt of any relief under Section VIII of this Decree.   Claim Forms must be mailed to:

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

11

Class Counsel shall make Claim Forms available to The Work Connection for review upon request.

  D. If any Class Representative opts out of this settlement, he or she will not be entitled to recover an award pursuant to Section VIII.B, and this Decree shall be voidable at the sole option of The Work Connection.

## X. HEARING ON CONSENT DECREE

  A. The Court will conduct a hearing on the fairness of this Decree on March 20, 2008, at 8:00 a.m.

  B. Thirty (30) days before the hearing, the EEOC and Class Counsel will submit to the Court a list of all proposed claimants and proposed monetary distribution for its review and approval as part of the hearing on the fairness of this Decree. Class Counsel will also notify each claimant of the amount of their proposed distribution and the right to file objections to the proposed Consent Decree.

  C. If any person wishes to object to the entry of this Decree, the objector must file with the Court a detailed written statement of the objection. The objections may be in Spanish or in English. The objector must file the original objection with the Court and send copies to each of the representatives of the parties listed below, postmarked within twenty-one (21) days after mailing of the notice of the amount of the proposed distribution and the right to file objections:

John J. McDonald, Jr.
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402

12

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Laurie A. Vasichek
Equal Employment Opportunity Commission
330 Second Avenue South, Suite 430
Minneapolis, MN  55401

D.      The undersigned parties will have the right to respond to any objections. The parties' responses may be filed with the Court no later than seven (7) days before the hearing.

E.      If the Court disapproves any major substantive provision of this Decree, or of the amount of the distributions to the claimants, the parties will not be bound by this proposed Consent Decree in any way and will be free to litigate the issues raised in the Commission's Complaint or to renegotiate any other settlement agreement.

F.      If the Court approves this Decree, the Class Counsel will mail a Release to the Class Representatives in the form provided for in Section II.C. within seven (7) business days.  The Claimants will have thirty (30) calendar days to review, execute the Release, and mail it back to the Class Counsel.  If any Class Representative fails to sign the Release, he or she will not be entitled to recover an award pursuant to sections VIII, and the Consent Decree will be voidable at the sole option of The Work Connection.

G.      Upon expiration of the time for submission of Release forms, Class Counsel will notify The Work Connection of the distribution of the Consent Decree proceeds.  The Work Connection will, within twenty one (21) business days, mail the

13

checks for each identified Class Member in the amount of the proposed distribution, less applicable withholding, to Class Counsel.  Class Counsel will, within twenty one (21) business days, mail to checks to each Class Member.  At the same time that The Work Connection mails the checks for each identified Class Member, The Work Connection will also mail a check to Class Counsel representing its allocated portion of the settlement proceeds.

## XI.   PRE-MEDIATION AND MEDIATION AGREEMENT; CONFLICTS.

A.      During the course of this litigation and settlement negotiations, Class Counsel and The Work Connection's counsel entered into a Pre-Mediation Confidentiality Agreement.   Further, Class Counsel, the EEOC, and The Work Connection's counsel entered into an Expert Information Exchange Agreement.   The parties agree that these agreements shall remain in effect and are enforceable by this Consent Decree.   Documents will be returned to the parties as required by these agreements.

B.      Class Counsel agree that during the term of this Consent Decree they will not represent any Class Member who is allowed to opt out of the provisions of this Consent Decree in any litigation against The Work Connection that arises out of, or is related to, Class Claims asserted in this case prior to the expiration of the Consent Decree, because such representation would create a conflict of interest.

## XII.   REPORTING

A.      The Work Connection will submit to the EEOC on a semi-annual basis a certification of compliance with this Decree.  The EEOC may review compliance of the Decree during the term of this Decree upon written notice to The Work Connection's

attorney of record at least ten (10) business days in advance of any inspection of The Work Connection's documents or premises.  Upon such notice, The Work Connection will allow representatives of the Commission to review The Work Connection's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting their premises.

B.      Semi-annually during the term of this Decree, The Work Connection will notify the EEOC of any complaints of national origin discrimination or retaliation, the name and address of the person making the complaint, and the disposition of the complaint.  The Work Connection will submit to the EEOC any documents that the EEOC requests relating to the complaint.

### XIII. FARIBAULT FOODS

The EEOC and Class Representatives have also filed a class action lawsuits against Faribault Foods, entitled EEOC v. Faribault Foods, Inc., Case Number 07-cv-3976 and Mendez et al. v. Faribault Foods, Case Number 07-cv-3986 (hereinafter "the FF Lawsuits").  Faribault Foods, the EEOC and the Class Representatives have agreed to enter into a Consent decree to resolve the FF Lawsuits.  If the FF Lawsuits Consent Decree in the FF Lawsuits is not entered by the Court, then this Consent Decree is voidable by The Work Connection.

**XIV.  STATEMENT REGARDING MEDIATION.**

Pursuant to Minnesota Statutes section 572.35, the parties acknowledge that they were, and hereby are again, advised in writing (1) that the mediator has no duty to protect their interests or to provide them with information about their legal rights; (2) that signing a mediated settlement agreement may adversely affect their legal rights; and (3) that they should consult an attorney before signing a mediated settlement agreement if they are uncertain of their rights.

DATE: 10/17/2007 _____

    s/Richard H. Kyle
_____
Richard H. Kyle
United States District Court Judge

BY CONSENT:

FOR DEFENDANT:

DATE:  10/12/07

s/John McDonald
John McDonald (#136815)
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
jmcdonald@meagher.com

FOR CHARGING PARTY AND CLASS:

DATE:  10/15/07

s/James H. Kaster
James H. Kaster(#53946)
Sofia B. Andersson-Stern (#350709)
Nichols Kaster & Anderson, LLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
(612) 256-3202
kaster@nka.com

FOR PLAINTIFF EEOC:

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street N.W.
Washington, D.C.  20507
(202) 663-4702

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 W. Madison Street, Suite 2800
Chicago, IL  60661
(312) 353-8551


DATE:  <u>10/15/07</u>                          <u>s/Laurie A. Vasichek</u>
                                        Laurie A. Vasichek (0171438)
                                        Senior Trial Attorney
                                        Equal Employment Opportunity
                                        Commission
                                        330 Second Avenue South, Suite 430
                                        Minneapolis, MN 55401
                                        (612) 335-4061
                                        laurie.vasichek@eeoc.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission, Plaintiff,
v.
The Work Connection, Defendant.

Civil No.  07-cv-3977 (RHK/AJB)

**and**

Alicia Moreno, et al., individually, and a class
of similarly situated persons, Plaintiffs,
v.
The Work Connection, Defendant.

Civil No.  07-cv-3985 (RHK/AJB)

## PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

If you are Hispanic and through The Work Connection worked or applied to work in a position at Faribault Foods' Faribault, Minnesota facilities at any time from September 14, 2001 through October 9, 2007, you may be eligible for a payment from a class action settlement.

- The settlement will provide money to pay claims to Hispanic employees or applicants of The Work Connection who worked or applied to work at Faribault Foods' Faribault, Minnesota facilities and to pay attorneys' fees, expert fees, and other costs associated with this case.
- To qualify, you must:
    - o Be Hispanic; and
    - o Through The Work Connection worked or applied to work in a position at Faribault Foods' Faribault, Minnesota facilities at any time from September 14, 2001 through October 9, 2007.
- Your legal rights are affected, whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment.  This is the only option that allows you to ever be a part of any other charge or lawsuit against The Work Connection about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like this settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment.  Give up your rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

EXHIBIT

A

# BACKGROUND INFORMATION

## 1. Why did I get this notice?

You have been identified as a Hispanic individual who through The Work Connection has worked or applied to work in a position at a Faribault Foods' Faribault, Minnesota facility between September 14, 2001 and October 9, 2007.

You have been sent this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about your options, before the Court decides whether to approve the settlement. If the Court approves this settlement and after any objections and appeals are resolved, payments will be made as approved by the Court. You will be informed of the progress of the settlement.

This notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Two lawsuits have been brought against The Work Connection. The Equal Employment Opportunity Commission ("EEOC") brought one of the lawsuits. The EEOC's lawsuit is called *EEOC v. The Work Connection*, Case No. 07-cv-3977. The EEOC is the United States government agency that is responsible for enforcing the federal laws that make it illegal to discriminate on the basis of race and national origin.

Current and former employees and applicants of The Work Connection brought the second lawsuit. This case is known as *Moreno et al. v. Faribault Foods, Inc.*, Case No. 07-cv-3985.

In these cases, the EEOC and the people who sued are called "Plaintiffs." The company the Plaintiffs sued, The Work Connection, is called the Defendant. The EEOC is one of the Plaintiffs. The following individuals are also Plaintiffs: Alicia Moreno, Jose Barragan, Joe Camarillo, Enrique Chavez, Diana Escamilla, Lorenzo Garcia, Jesse Hernandez, Liliana Limon, Veronica Venegas Ortiz, Abila Corleto, Leticia Duran, Silvia Echeverria, Oscar Mares, Maria Sandoval, Diana Velasquez, Mayra Rocha, and Daniel Quinonez.

The Court responsible for these cases is the United States District Court for the District of Minnesota. The judge's name is U.S. District Court Judge Richard H. Kyle. He is responsible for overseeing these class actions.

## 2. Why is this a class action?

The individual Plaintiffs listed above are also "Class Representatives." The Class Representatives sued on behalf of people with similar claims. Together those people are a "Class" or "Class Members."

In a class action, Class Representatives sue on behalf of the Class. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Court decided that this lawsuit can be a class action and be settled because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court.

## 3. What are these lawsuits about?

In the lawsuits, the Plaintiffs claimed that The Work Connection discriminated against current and former Hispanic employees who through The Work Connection worked or applied to work at a Faribault Foods' Faribault, Minnesota facility on the basis of national origin and race with respect to hiring, promotion, compensation, and other terms and conditions of employment.   More information about federal laws prohibiting job discrimination can be found at the website of the U.S. Equal Employment Opportunity Commission, www.eeoc.gov.

The Work Connection denies that it discriminated unlawfully or did anything wrong.   The settlement is not an admission of wrongdoing or an indication that any law was violated.

The Plaintiffs sought to obtain money for persons that they believed were discriminated against by The Work Connection because they were Hispanic and to take steps to prevent discrimination against Hispanic workers and applicants at The Work Connection.

The EEOC, the Class Representatives, and their attorneys believe the settlement described in this notice accomplishes the goals of their lawsuits.

## 4. Why is there a settlement?

The Court did not decide in favor of the EEOC, the Class Representatives, or the Defendants. Instead, all parties agreed to a settlement.   The EEOC, the Class Representatives and their attorneys think the settlement is best for everyone who they claim was injured by or exposed to discrimination.

# WHO IS IN THE CLASS

To see if you may receive money as a result of this settlement, you first have to decide if you are a Class Member.

## 5. How do I know if I am part of the Class?

Judge [fill in] decided that everyone who fits this description is a Class Member: *All Hispanic individuals who worked for The Work Connection at a Faribault Foods' Faribault, Minnesota facility at any time between September 14, 2001 and October 9, 2007, and all applicants who completed an application through The Work Connection to work in positions at a Faribault Foods' Faribault, Minnesota facility at any time between September 14, 2001 and October 9, 2007.*

## 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you may ask for free help.   You may call (877) 249-0013 and ask if you are part of the settlement.   For more information, you may also visit the website of the attorneys for the class, www.nka.com/twc.   Or fill out and return the claim form described below, to see if you qualify.   **DO NOT CONTACT THE COURT.**

# THE SETTLEMENT BENEFITS

## 7. What does the settlement provide?

The parties have agreed to a settlement of $160,000.   Of this amount, approximately $ 100,000 will be divided among class members who return a valid Claim Form.   Class Counsel and co-counsel will ask the Court for attorneys' fees and reimbursement for costs in the amount of $ 60,000.

QUESTIONS? CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/TWC
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/TWC

Additionally, the parties have agreed that The Work Connection will take certain actions in the workplace to help prevent discrimination on the basis of national origin or race.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

### 8. How can I get a payment?

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice. You may also get a claim form on the Internet at www.nka.com/twc. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL]. Follow all the instructions on the claim form.

### 9. When would I get my payment?

The Court will hold a hearing on March 20, 2008, to decide whether to approve the settlement. If Judge Kyle approves the settlement, after that, there may be appeals. Resolving appeals can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

### 10. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, file a charge with the EEOC, or be part of any other lawsuit against The Work Connection about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will release your claims. The Claim Form describes the legal claims you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want keep the right to sue or continue to sue The Work Connection, on your own, about the legal issues in this case, then you must take steps to exclude yourself from the settlement. Excluding yourself from the settlement is sometimes referred to as opting out of the settlement Class.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Moreno et al. v. The Work Connection*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL] to:

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

To ensure that your exclusion letter is received, it is recommended that you send it via certified mail. You cannot exclude yourself on the phone or by email.

QUESTIONS? CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/TWC
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/TWC

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) The Work Connection in the future.

**12. If I don't exclude myself, may I sue The Work Connection for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue The Work Connection for the claims that this settlement resolves. If you have a pending lawsuit against The Work Connection, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is [CORRECT DATE TO BE FILLED IN BY COUNSEL].

**13. If I exclude myself, may I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against The Work Connection.

**14. If I am not a part of the Class, do I have to exclude myself?**

No. If you are not a part of the class, you do not need to exclude yourself. You can either return a Claim Form to see if you are a part of the Class, or you may do nothing.

# THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court decided that the law firm of Nichols Kaster & Anderson PLLP in Minneapolis, Minnesota is qualified to represent you and all Class Members. The law firm is called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. More information about Class Counsel is available at www.nka.com.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses up to $ 60,000, and a payment of $ 100,000 to the Class Representatives. The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

You may tell the Court that you do not agree with the settlement or some part of it. You may make your objections in Spanish.

**17. How do I tell the Court that I do not like the settlement?**

If you are a Class Member, you may object to the monetary settlement if you do not like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Moreno et al. v. The Work Connection*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Objections must be made in writing.

Mail the objection to all four of these addresses, postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL]:

| **COURT** | **CLASS COUNSEL** | **DEFENSE COUNSEL** |
|---|---|---|
| Clerk of the Court | James H. Kaster | John J. McDonald, Jr. |
| United States District Court for the | Nichols Kaster & Anderson, PLLP | Meagher & Geer, PLLP |
| District of Minnesota | 4600 IDS Center | 33 South Sixth Street, Suite 4400 |
| 316 N. Robert Street | 80 South 8th Street | Minneapolis, MN 55402 |
| St Paul, MN 55101 | Minneapolis, MN 55402 | |

**EEOC COUNSEL**
Laurie Vasichek
EEOC
330 2nd Ave. S., Suite 430
Minneapolis, MN 55401

## 18. What is the difference between objecting and excluding myself from the class?

Objecting is simply telling the Court that you do not like something about the settlement. You may object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

## 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 8:00 a.m. on Thursday, March 20, 2008, at the United States District Court for the District of Minnesota, Street Name, City, Minnesota, in Courtroom 1. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Kyle will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Kyle may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Moreno et al. v. The Work Connection.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL], and be sent to the Clerk of the Court, Class Counsel, EEOC Counsel, and Defense Counsel, at the four addresses on page 6, in question 17. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against The Work Connection about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Consent Decree. You may obtain a copy of the Consent Decree by writing to Class Counsel, Nichols Kaster & Anderson, PLLP, Attn: James H. Kaster, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, or by visiting Class Counsel's website at www.nka.com/twc.

## 24. How do I get more information?

You may call (877) 249-0013 toll free; write to Class Counsel, Nichols Kaster & Anderson, PLLP, Attn: James H. Kaster, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; or visit Class Counsel's website at www.nka.com/twc, where you will find answers to common questions about the settlement, a claim form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: _____

_____

The Honorable Richard H. Kyle
United States District Judge

# INSTRUCTIONS FOR CLAIM FORM

## Please read the Enclosed Notice of Settlement before completing the Claim Form

**IMPORTANT:** Your claim form **MUST** be postmarked by [CORRECT DATE TO BE FILLED IN BY COUNSEL]. **Enclosed is a self addressed envelope for returning the claim form.**

**INSTRUCTIONS FOR CLAIM FORM:**

1. It is important to read and follow these instructions carefully, as well as those contained on the Notice of Settlement enclosed with this Claim Form. Failure to follow these instructions may result in your losing benefits to which you might otherwise be entitled.

2. If you do not return this Claim Form postmarked by [**CORRECT DATE TO BE FILLED IN BY COUNSEL**], your claim will be rejected and you will lose all rights to receive any money from this settlement. You <u>must</u> mail the Claim Form to:

   Nichols Kaster & Anderson, PLLP
   Attn: James H. Kaster
   4600 IDS Center
   80 South 8th Street
   Minneapolis, MN 55402

3. **Under penalty of perjury**, you must fill out this form completely and accurately.

4. You **must** answer all three questions. Failure to answer all questions may result in your losing benefits to which you might otherwise be entitled.

5. You **must sign and date** the last page of the claim form.

6. By returning this Claim Form postmarked by [**CORRECT DATE TO BE FILLED IN BY COUNSEL**], you are releasing your claims against Faribault Foods and that means that you cannot sue, continue to sue, file a charge with the EEOC, or be part of any other lawsuit against The Work Connection about the legal issues in *this* case.



EXHIBIT
tabbies
B

# CLAIM FORM

**YOUR ANSWERS ON THIS FORM ARE SUBJECT TO PENALTIES FOR PERJURY. YOU <u>MUST</u> FILL OUT THIS FORM TRUTHFULLY AND COMPLETELY.**

Name
Address
City, State ZIP

1. Did you ever <u>apply to work</u> at Faribault Foods through The Work Connection?
   _____ **Yes**       _____ **No**

   1a. If you answered yes to question 1, when did you apply to work at Faribault Foods through The Work Connection?      **Month** _____   **Year** _____

   1b. If you answered yes to question 1, where did you submit your application? _____
   _____

2. Did you ever <u>work</u> at Faribault Foods through The Work Connection?
   _____ **Yes**       _____ **No**

   2a. If you answered yes to question 2, at which Faribault Foods location did you work? _____

   2b. If you answered yes to question 2, when did you begin working at Faribault Foods through The Work Connection? **Month** _____   **Year** _____

   2c. If you answered yes to question 2, were you offered regular employment from Faribault Foods? _____ **Yes** _____ **No**

   2d. If you were offered regular employment from Faribault Foods, when were you offered regular employment? **Month** _____   **Year** _____

   2e. When did you stop working at Faribault Foods? If known, provide the month and year that you stopped working at Faribault Foods. If you are still working at Faribault Foods, please write "still employed." _____

3. In order to receive payment under the settlement, we need your social security number or your tax identification number (ITIN). Please provide it here: _____

## YOU MUST SIGN AND DATE BELOW:

I, _____declare **under penalty of perjury** that the information and facts I have stated in this Claim Form are true and accurate to the best of my personal knowledge. I understand that making a knowingly false statement may subject me to prosecution for perjury.

Signed: _____     Date: _____